IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00457-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAVAUGHN HARRIS,

Defendant.

---

## FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS FOR ORDER OF DETENTION

---

    This matter was before the court for detention hearing on May 15, 2018. The court has taken judicial notice of the court's file and the pretrial services memorandum dated May 11, 2018. The defendant is not contesting detention. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any

other person and the community:

> (1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2)     the weight of the evidence against the person;
>
> (3)     the history and characteristics of the person, including –
>
> > (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and
>
> (4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Investigation Memorandum dated May 11, 2018, and the entire court file. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First , I find that the defendant has been charged in the Indictment as follows:

> Count One: Escape from Custody of the Attorney General, in violation of 18 U.S.C. § 751(a);

Second, I find that probable cause exists that the defendant committed the above charged offense based upon the Indictment.

Third, I find that on April 8, 2015, the defendant was sentenced in United States District Court, District of Colorado, Docket Number 14-cr-00225-RBJ-01, to 30 months imprisonment followed by three years supervised release subsequent to his conviction for Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant's supervised release commenced on August 19, 2016. His supervised release was revoked on October 27, 2016, and he was sentenced to five months imprisonment followed by 31 months supervised release for Failure to Reside in/Comply With Rules of Residential Re-entry Center (RRC) and Violation of Law.

On January 18, 2017, the defendant's second term of supervised release commenced, as did his RRC public law placement at Independence House RRC, South Federal Facility, as a special condition of his supervised release. The defendant currently has a pending supervised release violation in District of Colorado Docket Number 14-cr-00225-RBJ-01.

I further find, by a preponderance of evidence, that there is no condition or combination of conditions of release will reasonably assure the appearance of the defendant. Accordingly, I order defendant detained without bond.

Done this 15th day of May, 2018.

BY THE COURT

S/Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge